ALFRED KITTREDGE *vs.* EBEN PEASLEE & another.

In an action by the owner of a railroad to recover for the use of it by persons who did nct recognize his title, but used it under a *bona fide* claim of right, the plaintiff is entitled to recover only a reasonable and proper compensation therefor; although, before such use commenced, he informed the defendants that if they used the railroad they must pay a specific sum therefor.

An action of contract for the use of a railroad cannot be maintained by the owner against persons who did not recognize his title, but used the railroad adversely to him, under a *bona fide* claim of right, by virtue of a lease from another person.

CONTRACT for the use and occupation of a railroad in New Hampshire. There was also a count on a special contract, for one half of the amount of money paid by the plaintiff for repairs of the same railroad.

At the trial in the superior court for the county of Suffolk, the plaintiff introduced evidence to show that he owned the railroad, and the defendants had used it; and that before such use he gave them notice that if they used it they must pay for one half of the repairs of it. The defendants introduced evidence for the purpose of showing that they had used the road only under a claim of right, and not under the permission of the plaintiff. *Abbott,* J. instructed the jury that if the plaintiff owned the railroad, and had sole control of it, and could permit the defendants to use it or not, at his will and pleasure, and gave to them notice in advance that if they used it they must pay one half of the repairs, and if afterwards the defendants used the road without any right except the consent of the plaintiff, they were liable to pay one half of the repairs in this form of action, although the jury were satisfied that they used it under a *bona fide* claim of right.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

This case was argued and decided in November 1857.

*C. P. Judd,* for the defendants.

*H. C. Hutchins,* for the plaintiff.

BIGELOW, J.    There are cases where a promise will be inferred from the silence or presumed assent of a party.    Acquiescence may be equivalent to an express promise.    As, for example, where a landlord gives his tenant notice to quit or pay an advanced rent, if the tenant holds over, he will be deemed to have assented to the proposal, and be held liable for the increased rent.    But in all such cases such facts must be proved as will warrant the inference that such acquiescence or assent was given.    If the proof leaves it doubtful, the promise is not shown.

In the case at bar, the evidence not only failed to prove any assent by the defendants to the notice or proposition on the part of the plaintiff as to the terms on which the defendants might use the railroad belonging to the plaintiff, or any facts from which an acquiescence in it could be properly inferred, but tended directly to rebut any such inference.    The defendants did not acknowledge or recognize in any way the right of the plaintiff as owner of the railroad.    They claimed to use it under a different and independent title, adverse to the right of the plaintiff.    While this relation subsisted between the parties as to the use of the road, it is clear that the defendants cannot be held to have assented to or acquiesced in the notice which was given to them by the plaintiff.    Their use of the property was in opposition to the right of the plaintiff, and as entitled under a *bona fide* claim to enjoy it irrespective of any title in him. What, then, was the condition of the parties ?    If an action of contract can be maintained at all, on the facts in proof, which we do not decide, the plaintiff was certainly entitled, at most, only to a fair compensation for the use of the railroad.    But how is this compensation to be fixed ?    Clearly, only by implication of law, which might raise a promise to pay, not an arbitrary sum to be fixed by the owner of the property, but a reasonable and proper compensation for the use of the property, taking into view all the circumstances properly bearing on the determination of that question.

*Exceptions sustained.*

A new trial was had in the superior court, at January term 1861, at which the plaintiff introduced the same evidence as before; and the defendants offered evidence to show that they hired the road of Isaac Hall, and used the same as his tenant only ; and they offered a lease from him to them, with evidence that they had paid rent to him, and had used the road only under a *bona fide* claim of right to use the same by virtue of the lease. *Russell,* J. instructed the jury that these facts would not constitute a defence, unless Hall had authority to make the lease. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*Judd,* for the defendants.

*Hutchins,* for the plaintiff.

BIGELOW, C. J. When this case was under consideration at a former term, we did not understand that the defendants objected to the form of the action, or made any question as to the right of the plaintiff to recover a reasonable compensation for the use of the railroad. The contention then was, as we supposed, only as to the amount for which the defendants were liable. But the case is now presented in a different aspect. The defendants contend that they are not liable in this action, because the facts tend to negative any implied promise by them to pay the plaintiff for the use and occupation of the road. This position is correct, and can be well maintained, if it is true that their occupation of the road has been adverse to the right of the plaintiff, and under a *bona fide* claim to hold it by virtue of a lease from another person. An action for use and occupation requires proof of some agreement, express or implied, to pay for the beneficial enjoyment of the premises. It cannot be supported where there has been only an occupation founded on a title which is adverse to and inconsistent with the right claimed by the plaintiff. Nor can it be made use of to try the title to property between two litigating parties. The fact that the title is in dispute, and that the defendant has occupied the road denying the right of the plaintiff, and as tenant of a third person, if proved, would constitute a good defence to this action, because it would show that there was no agreement, either express

or implied by law, on which an action of contract could be maintained.    *Allen* v. *Thayer*, 17 Mass. 301;    *Mayo* v. *Fletcher*, 14 Pick. 525.    *Patch* v. *Loring*, 17 Pick. 336.    *Boston* v. *Binney*, 11 Pick. 1.    *Smith* v. *Eldridge*, 15 C. B. 236.

*Exceptions sustained.*